Good morning. May it please the Court, I'm Elizabeth White of Fenwick & West, representing the petitioner Arturo Cornejo Norianueva, and I'd like to reserve two minutes for rebuttal. To determine whether a prior conviction constitutes a predicate offense for removal purposes, it is well established in this circuit that if the statute of conviction encompasses a broad range of conduct, only some of which carries immigration consequences, the modified categorical approach must be applied. Counsel, let's go with you that far. The statute allows for firearm or ammunition. If it's ammunition, according to your argument, which is probably correct, then the categorical approach won't establish the predicate. If it's a gun, it will. Tell me why, under the modified categorical approach, the paragraph 8 in the plea agreement, the written plea agreement, doesn't establish what the government needs to establish under the modified categorical approach. Paragraph 8 says that he knowingly possessed a firearm, namely a Colt match competition H-Bar-2 assault carbine rifle, .223 carbine or caliber. Well, Your Honor, first of all, I would like to point out that the plea agreement is not signed by the Assistant U.S. Attorney General. And by its very own terms, at the end of paragraph 21, it states, this agreement is effective upon signature by defendant and an Assistant United States Attorney General. And the case law makes clear that the plea not go down in accord with the plea agreement. We don't know. It's not in the record. I notice it's signed by the defendant or counsel for defendant. Yes. But we don't know if this was the final plea agreement. The government hasn't submitted it. And the case law, there are a number of cases that make clear that it's a signed plea agreement that may be considered. So it can't be counted in the modified categorical. It is signed by the defendant. But you're saying that because it's not signed by the AUSA, it can't count for the modified categorical approach. Yes, particularly given that the last sentence states that it shall not be effective until signed by both parties. And it's our position that the government has not met its burden of submitting a document that would provide sufficient evidence, because this is we just have no way of knowing if this is the final plea agreement. Thank you. Thank you. Would you agree that if the modified categorical approach sufficed, if we were to disagree with you about the evidentiary nature of this plea agreement, which was signed by your client, that that would essentially be the end of the matter? Because once he's convicted of an aggravated felony, he, by definition, cannot have good moral character. Not necessarily, Your Honor. The case law makes clear that a recitation of the statutory language does not totally satisfy the necessary showing to show that he was convicted of. I don't understand that answer. The statute says that a person convicted of an aggravated felony cannot be a person of good moral character. And so my question to you is, if we were to conclude that your client was convicted of an aggravated felony, isn't that the end of the discussion? Yes, that would be the end of the discussion. Okay. That's what I was getting. I understand that you don't agree that it's an aggravated felony. Correct. Yes. But that is the pivot point. Yes. I'd also like to point out, as to the evidentiary effect of the plea agreement, other than the fact it's not signed, there are inconsistencies on the face of it. On the one hand, it states that in the kind of recitation of the statutory language and the nature of the offenses section, it does say knowingly possessing a firearm. But if you read the factual allegations, it states that this rifle belonged to his brother-in-law and it was confiscated from his closet. I don't understand why that's inconsistent. Suppose he was a thief and he'd stolen a firearm from, say, me. So the plea agreement recited that he had a firearm in his closet that was owned by Andrew Kleinfeld. It would still be felony possession. Your Honor, I agree. It's not necessarily inconsistent. I'm just pointing out that the factual allegations don't necessarily unambiguously show that he was convicted of an offense constituting a firearm. I don't know why. All you need for the crime is possession. The law is quite clear that if he owns it but he does not possess it, he's home free. For example, when people get charged with a crime frequently, they give all their guns to their father or their brother or somebody who's not in trouble so that they won't be confiscated because they've gotten the guns out of their possession. If you possess a gun but you don't own it, you're in trouble. If you own a gun but you don't possess it, you're not. I don't understand why the ownership even matters. I think the bigger question is we must establish that he was convicted of a firearms offense and not an ammunition offense. And if you go to the pre-sentence report submitted by the government, it shows that a 20-round magazine was also confiscated in the closet. That's not here on the plea agreement, which, again, we argue is not even fairly considered because it's not signed. But if we consider the PSR, it has both the firearm and the ammunition. So it seems if what you want us to do is rely on that, it seems equally problematic because there's both. Well, the standard is that the government must prove unambiguously that he was convicted of an offense that carries removal consequences. If we can't tell from the face of the documents which one he was convicted of, then they haven't met that burden, which ultimately means that Mr. Cornejo satisfied his burden of showing he's at least eligible to present his case for consideration of cancellation. And, Your Honor, I do want to emphasize that our position is that none of these documents are properly considered under the modified categorical approach. I'm just raising the fact that they, even if we are to look at them, they inject further ambiguity as to the precise offense for which he was convicted. I thought plea agreement was okay under the modified categorical approach. A signed plea agreement. If you look at Tocatli and a number of the other cases we cite in our brief, they do use the word signed. If there are no further questions, I'd like to cede my time for rebuttal. Yes, you may do that. Thank you. We'll hear from the government. Thank you. Good morning, Your Honors. May it please the Court. Andrea Juvis on behalf of the Attorney General. Mr. Cornejo is statutorily ineligible for cancellation on two separate independent grounds. First of all, his 18 U.S.C. 922g5 offense is a specified offense specifically listed, rendering him ineligible. What's your response to the argument that we only know it's rightful because of the plea agreement, but the plea agreement says it's not effective until signed and it's not signed? Your Honor, there are other documentation, including a minute order, the docket entry from the Court, which is on page 145 to 152, which clearly states that he was And going back to the specified offense, 237-H. Is there anything in there that will help us with the signature issue? Oh, this counts as a document, Your Honor, proving conviction. It doesn't – it is independent of the plea agreement. And it says pending counts and the disposition and goes through proceedings. I have another question for you, too, that has to do with whether it makes any difference whatsoever whether there's a conviction under G-5 that's related to the firearm or the ammunition. In the statute defining good moral character, it precludes anyone who has been convicted of an aggravated felony as defined in subsection A-43. Then when you turn to A-43 sub-E, the term aggravated felony means an offense described in – and then I'm going to skip some subsections – section 922-G-5. So doesn't that sweep in explicitly any form of a 922-G-5 conviction? Correct, Your Honor. Oh, excuse me for interrupting. And that is the government's position, that we don't even need to get into the modified categorical. Congress has clearly spoken, listed the exact offense Mr. Cornejo was convicted of, and therefore, he does not have good moral character. And that is one of the grounds that renders him ineligible for cancellation of removal. Oh, I'm sorry, Your Honor. I felt like you were going to ask me a question. No. So I guess you said there were two independent reasons. Right. One is the aggravated felony. What's the other? If you turn to the statute for cancellation, Your Honor, it's four requirements. The first one is continuous presence of 10 years. The second one is – has been a person of good moral character, which the government says because of this aggravated felony he is not. And third, has not been convicted of an offense under section 1182-A2, 1222-A2, and 1227-A3. And that 1227-A2, Your Honor, is what the government is arguing he has – is convicted  1227-A2c, which is a certain firearms offense, which states – and I'm going to sum it up because it's kind of a long statute. Any alien in and admitted to the United States shall be removed at any time after mission if convicted under any law of owning, possessing, or carrying any weapon, part, or accessory, which is a firearm, which Mr. Cornejo was convicted of 18 U.S.C. 922-G5 in illegal alien in possession of a firearm. So those – that is the second independent reason that he is statutorily ineligible for cancellation of removal. Besides the good moral character grounds. And again, this government would like to note that it is Mr. Cornejo's burden to prove eligibility for cancellation of removal. And if any evidence indicates a mandatory ground of denial, which I've just given the two, specified offense, then it's Mr. Cornejo's burden to prove that such grounds do not apply and he has not done so. Now, as for Mr. Cornejo – or Petitioner's argument regarding whether the plea agreement is satisfied because it was his brother's gun, this is not the court, Your Honor, that that should be brought up. If Mr. Cornejo would like to overturn his plea agreement, he needs to go to the district court and try to attack his plea agreement or his conviction in that arena, not in the immigration courts. And if he is successful, then he can bring it back to the immigration courts with a motion to reopen. And if there's any other questions, that's all. Thank you, Your Honors. No, I don't believe we do. Okay, thank you. Ms. White, you have quite a bit of rebuttal time remaining. Thank you. The two statutes upon which the government is basing its argument, both of which would categorically render Mr. Cornejo ineligible, 8 U.S.C. 1101A43 and 1227A2C, are both explicitly restricted to firearms offenses. Congress was clear in, if you read 1101A43E2, that to include the restrictive phrase at the end of that. So an offense described in Section 922G12345, et cetera, and then relating to firearms in parentheticals, appears at the end of that phrase. They could have just left it, but they chose to restrict it to firearms offenses. And if you go back to the statute of conviction, it clearly criminalizes firearms conduct or, the word or is used, that conduct relating to ammunition, which does not carry immigration consequences. And so the modified categorical approach applies in this case. And another thing I'd like to point out is that, yes, while it is Mr. Cornejo's burden to establish that he is eligible for consideration of removal, the case law is clear that he carries that burden in cases where the government fails to submit evidence that establishes unequivocally what he was convicted of. What do you make of, I looked at the docket sheet that we were referred to by your opposing counsel, and I couldn't find the words that she was mentioning. But what I did find was June 25, 2004, plea agreement filed by USA as to Arturo That would seem to mean that the U.S. did adopt the plea agreement that the defendant and defense counsel had signed, and the U.S. filed it, indicating its adoption. And then the next minute entry for the same date is the entry of the changed plea of guilty. Well, first of all, we don't believe that the docket report is a proper document to consider under the modified categorical approach. We had a recent Ninth Circuit case that said that an abstract of judgment, which I would think would be similar. Snellenberger, I think. Snellenberger was a minute order, yes. And I mean, I think in this case, first of all, the docket order doesn't make clear that the particular plea agreement we have in the administrative record here with those factual allegations is the one that was adopted. And it also really, if you look at the docket order, it just merely recites the language of the statute. And there's plenty of case law saying that that's not enough to prove the government's to establish unequivocally what someone was convicted of. It's not a firearms offense merely because the government labeled it as such. And I would add that Snellenberger was specifically, the holding was about minute orders. But even if you were to take that logic and apply it here and rely on the docket order, I don't see anything other than mere recitations of the statutory language. Thank you, counsel. The case just argued is submitted. And we appreciate the helpful arguments from both counsel. Just for planning purposes, after the next case, we'll take a short mid-morning recess. So if you're on some of the later cases, you can take that into account. The next case for argument this morning is York Spam.
judges: Beezer, Kleinfeld, Graber